United States District Court
Southern District of Texas
**ENTERED**
November 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA LINDA CIENFUEGOS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:20-cv-192 | |
| § | | |
| TARGET CORPORATION, § | | |
| Defendant. § | | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 7, 2020, Plaintiff Norma Linda Cienfuegos filed a complaint in the 138th District Court in Cameron County, Texas, asserting a claim of premises liability against Defendant Target Corporation. Dkt. No. 1-1. Cienfuegos alleges that she slipped while visiting the store, causing injuries. Id. On November 7, 2020, Target timely removed the case to this Court within 30 days of being served. Dkt. No. 1.

On October 14, 2021, Target filed a motion for summary judgment, which is currently before the Court. Dkt. No. 14. Cienfuegos filed a response. Dkt. No. 15.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Cienfuegos has not shown a genuine dispute of material fact as to her premises liability claim.

**I. Background**

   **A. Factual Background**

On October 7, 2018, Cienfuegos visited the Target store in Brownsville, Texas, to make a payment on her Target credit card. Dkt. No. 15-1. After making her payment, she went to the clothing department for further shopping. Id. She decided not to buy anything and began to leave the store. Id. As she was leaving the store, she tripped and fell on the floor. Id. She broke four upper teeth, her collarbone and both of her arms. Id.

By her own admission, she does not know what she tripped over. Dkt. No. 15-1. When Target sent her an interrogatory, asking her to describe the dangerous condition, she replied, "TARGET floor," without any further explanation. Dkt. No. 14-2, p. 4. When

1

asked at her deposition if she knew what caused her to fall, Cienfuegos replied, "No." Dkt. No. 14-5, p. 6.

When Oscar Cienfuegos – the Plaintiff's husband – arrived at the store, he found his wife "on the floor near a shelf that was almost at the entrance of the store in front of the customer service department." Dkt. No. 15-2, p. 1.  He said that a Target manager showed him where his wife tripped – a reference to the shelves -- and that there were no special guards on the corners of the shelves to prevent people from tripping. Id.  Oscar Cienfuegos took pictures of the shelving.  At an unknown later date, Oscar Cienfuegos returned to the store, saw that corner guards had been installed and took pictures of the shelves. Id.

**B. Procedural Background**

On October 7, 2020, Cienfuegos filed a complaint in the 138th District Court in Cameron County, Texas, asserting a claim of premises liability against Target. Dkt. No. 1-1.  Cienfuegos sought damages for medical expenses, physical pain, mental anguish, physical impairment, loss of enjoyment of life, costs, and interest. Id, pp. 5.  Cienfuegos pled that he sought damages of less than $250,000. Id.

On October 23, 2020, Target was served with process. Dkt. No. 1-1, p. 2.

On November 7, 2020, Target timely removed the case to this Court based on diversity jurisdiction. Dkt. No. 1.  No party challenges jurisdiction in this Court. Dkt. No. 8, p. 2.

On October 14, 2021, Target filed a motion for summary judgment. Dkt. No. 14.  In its motion, Target argues: (1) that there is no genuine dispute of material fact as to whether a dangerous condition existed on the premises; and (2) whether Target had actual or constructive knowledge of any dangerous conditions in the store. Id.

On November 5, 2021, Cienfuegos filed a response. Dkt. No. 15.  Cienfuegos argues that the shelving constituted a dangerous condition and circumstantial evidence showed that the condition lasted long enough that Target had actual or constructive knowledge. Id.

On November 11, 2021, Target filed a reply brief.

**II. Applicable Law**

  **A. Diversity Jurisdiction**

  As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). The parties agree that Cienfuegos seeks damages in excess of $75,000 and that the parties are diverse from each other. Dkt. No. 8, p. 2. Diversity jurisdiction is clear in this case.

  "Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[1] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

  That being said, the motion for summary judgment must be decided using the procedures established by FED. R. CIV. P. 56. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

  **B. Summary Judgment**

  Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

---

[1] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

**C. Premises Liability**

In order to prove premises liability, the plaintiff must establish: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff's injury." Pay and Save,

4

Inc. v. Cienfuegos, 452 S.W.3d 923, 926 (Tex. App.-El Paso 2014) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99–100 (Tex. 2000)).

To establish knowledge, the plaintiff must show that: (1) the defendant placed the dangerous condition on the floor; or (2) the defendant actually knew that the dangerous condition was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. Pay and Save, 452 S.W.3d at 926 (citing Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002)).

## III. Analysis

As the plaintiff, Cienfuegos has the burden of proving his claims at trial. Strunk v. Belt Line Road Realty Co., 225 S.W.3d 91 (Tex. App.-El Paso 2005). Accordingly, Cienfuegos must show, for purposes of resolving this motion, that there is, at least, a genuine dispute of material fact as to each element of his claim. Norwegian Bulk Transport A/S, 520 F.3d at 412.

Cienfuegos has asserted a claim of premises liability, namely, that her slip and fall was caused by a dangerous condition that Target had the duty to remedy.

To defeat summary judgment, Cienfuegos is required to point to record evidence reflecting: (1) that the condition posed an unreasonable risk of harm; (2) that Target knew or should have known about the danger; (3) that Target failed to reduce or eliminate the risk; and (4) that this failure proximately caused Cienfuegos's injury. Pay and Save, 452 S.W.3d at 926.

### A. The Condition

At the outset, the Court is left with the challenge of determining exactly what the dangerous condition was. Cienfuegos clearly fell and injured herself. But she offers several different theories of what caused her to fall.

In her complaint, Cienfuegos stated that she "tripped on an item thrown on the floor." Dkt. No. 1-1, p. 7. In her interrogatory answers, she claims that the Target floor caused her fall. Dkt. No. 14-2, p. 4. At her deposition, she disclaimed any knowledge of what caused her to fall. Dkt. No. 14-5, p. 6. In her response to the motion for summary

5

judgment, she claims the "existence of a condition on the shelf of the store" caused her to fall. Dkt. No. 15, p. 6. Her husband's affidavit claims to show that the shelving on the display unit caused the injury. Dkt. No. 15-2. These allegations – that the shelving display caused the fall – are inconsistent with the complaint. A plaintiff "may not defeat summary judgment on the basis of a theory found nowhere in their complaint, at least without also moving to amend or absent trial by consent." Johnson v. Thibodaux City, 887 F.3d 726, 736 (5th Cir. 2018). Accordingly, the Court should find that there is no evidence of any dangerous condition.

However, if the Court chooses to credit the allegations made in the motion for summary judgment, it should find that the Plaintiff has raised a dispute of material fact as to whether the shelving unit caused the injury.

This conclusion follows from the fact that her husband's affidavit claims to show that the shelving caused the injury. The Court, however, must examine whether his claims would be admissible at trial. "Evidence that would not be admissible at trial is not competent evidence to be considered during summary judgment." Fonteneaux v. Shell Oil Co., 289 Fed. App'x. 695, 699 (5th Cir. 2008) (unpubl.) (citing Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir. 1991)).

Oscar Cienfuegos alleges that an unnamed Target employee "showed me where my wife tripped and fell," presumably referring him to the shelves. Dkt. No. 15-2. Hearsay—an out of court statement, offered for the truth of the matter asserted—is inadmissible. FED. R. EVID. 801(c)(1). Indeed, the statement made by this employee is garden variety hearsay; a statement made to a third party that is introduced to show the truth of the statement, i.e., that the Plaintiff tripped on the shelves, causing her fall.

Notwithstanding that fact, there is an exception to the hearsay rule that could render this evidence admissible at trial, allowing it to be considered in the context of a summary judgment motion.

The statements by the unnamed Target employee may qualify as a statement by a party opponent. As relevant here, Cienfuegos must show that the statements were made by Target's agent or employee on a matter within the scope of that relationship. Fed. R.

6

Evid. 801(d)(2)(D). The Court notes that this "does not require a showing that the party authorized the employee to make a statement on the subject, instead requiring only that the speaker be an agent or employee of the party and requiring the statement to be made within the scope of the employment or agency relationship." Glover v. Walmart Stores Texas, LLC, No. 9:19-CV-00058, 2020 WL 5745811, at *3 (E.D. Tex. Aug. 7, 2020) (internal quotation marks omitted) (citing Jeffrey Bellin, 30B Fed. Prac. & Proc. Evid. (Wright & Miller) § 6776 (2020 ed.)). "This means that every employee can potentially generate admissible statements, not only 'management level' employees." Glover, 2020 WL 5745811, at *3.

"[W]hile a name is not in all cases required, a district court should be presented with sufficient evidence to conclude that the person who is alleged to have made the damaging statement is in fact a party or an agent of that party for purposes of making an admission within the context of Rule 801(d)(2)(D)." Davis v. Mobil Oil Expl. & Producing Se., Inc., 864 F.2d 1171, 1174 (5th Cir. 1989). In Davis, the Fifth Circuit found that the fact that a man who issued an unsafe order wore a Mobil company hard hat and was recognized by other employees as a Mobil company man, was sufficient to establish that he was a Mobil company employee in the scope of his employment, even if no one could identify him by name. Id.

While Oscar Cienfuegos cannot identify the employee by name, who showed him the shelves and identified it as the place where his wife tripped, he did say that all of the employees who spoke to him wore a "Target uniform and name tags." Dkt. No. 15-2. None of the other employees apparently identified the man who spoke with Cienfuegos as an impostor. Given the Target uniform and name tags, the Court finds that the statement is admissible as a statement made by a party opponent.

The Court further finds that the statement by the unnamed Target employee is sufficient to create a genuine issue of material fact that the shelves were the condition that caused Cienfuegos to fall. This doesn't end the question. The Court must also determine if there is a genuine issue of material fact that shelves were an unreasonably dangerous condition.

7

### B. Unreasonably Dangerous

Target has a duty to "make safe or warn against any concealed, unreasonably dangerous conditions" which they are aware of, but Cienfuegos is not. Austin v. Kroger Texas, L.P., 465 S.W.3d 193, 203 (Tex. 2015). The reasoning behind this is that the store "is typically in a better position than the invitee to be aware of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against such hazards, to the extent the landowner is or should be aware of them." Id.

"When the condition is open and obvious or known to the invitee, however, the landowner is not in a better position to discover it," and the invitee has the responsibility to take reasonable measures to avoid the harm. Austin, 465 S.W.3d at 203. "Whether a condition qualifies as 'open and obvious' presents a question of law for the court." Pena v. Harp Holdings, LLC, No. 07-20-00131-CV, 2021 WL 4207000, at *7 (Tex. App. Sept. 16, 2021). Thus, the Court must consider whether the shelves were such an open and obvious condition that Target had no duty to warn against or eliminate the harm.

Courts have focused on whether the danger posed by the condition was "concealed," in determining whether a condition is open and obvious. See Gen. Elec. Co. v. Moritz, 257 S.W.3d 211, 216 (Tex. 2008) (absence of handrails on a ramp was open and obvious); Culotta v. DoubleTree Hotels LLC, No. 01-18-00267-CV, 2019 WL 2588103, at *4 (Tex. App. June 25, 2019), review denied (Mar. 13, 2020) (a water fountain in hotel lobby was open and obvious danger); Pena, 2021 WL 4207000, at *7 (because the staircase was not concealed or poorly lit, it was an open and obvious danger); Reeves v. Home Depot, U.S.A., Inc., No. AU-16-CA-00615-SS, 2018 WL 405120, at *1 (W.D. Tex. Jan. 12, 2018) (forklift in shopping aisle is open and obvious condition); Rincon v. Home Depot U.S.A., Inc., No. 3:17-CV-02909-X, 2019 WL 6118406, at *3 (N.D. Tex. Nov. 15, 2019) (boxes and nylon strap on the floor were open and obvious); Thibodeaux v. Home Depot USA, Inc., 816 F. App'x 988, 989 (5th Cir. 2020) (cement wheel stop in parking space was open and obvious); Simpson v. Orange Cty. Bldg. Materials, Inc., No. 09-18-00240-CV, 2019 WL 470090, at *4 (Tex. App. Feb. 7, 2019) (wooden boards stacked on the floor were open and obvious); Bauer v. Best Buy Stores, L.P., No. 1:19-CV-206, 2020 WL 7053263, at *6

8

(E.D. Tex. Sept. 16, 2020), report and recommendation adopted sub nom. Bauer v. Best Buy Store, L.P., No. 1:19-CV-206, 2020 WL 6073793 (E.D. Tex. Oct. 14, 2020) (display table was open and obvious condition); Mayfield v. United States, 436 F. Supp. 3d 926, 936 (W.D. Tex. 2020) (danger posed by swimming near motorized boat was open and obvious); Biggs v. Bradford Mgmt. Co., No. 05-17-00869-CV, 2018 WL 3629106, at *3 (Tex. App.—Dallas July 31, 2018, pet. denied) (mem. op.) (skylights through which person fell while working on the roof were open and obvious); Simien v. La Quinta Inn & Suites, No. 05-20-00441-CV, 2021 WL 3276881, at *5 (Tex. App. July 30, 2021) (pet urine and smoking odors in hotel room were open and obvious condition).

In cases where the condition was not open and obvious, it was concealed in some way. Hardy v. Kroger Co., No. 6:17-CV-00417-JDK, 2019 WL 1306217, at *3 (E.D. Tex. Jan. 24, 2019) (slight depression in pavement was not open and obvious to user of motorized shopping cart); Loy v. City of Alice, No. 04-18-00969-CV, 2019 WL 3642656, at *4 n. 2 (Tex. App. Aug. 7, 2019) (a severed metal post that was "stuck up only two inches from the ground" and "was partially camouflaged by leaves, dirt and grass," was not open and obvious); Wal-Mart Stores Texas, LLC v. Autrey, No. 06-19-00095-CV, 2021 WL 1216890, at *4 (Tex. App. Apr. 1, 2021) (when spill was not visible on color video of slip and fall incident, it was not open and obvious); Pikulin v. Asarco, LLC, No. 2:18-CV-4-D, 2018 WL 6338337, at *4 (N.D. Tex. Nov. 5, 2018) (chain on floor was not open and obvious when the employee's required safety equipment impairs his vision).

After reviewing the case law, the Court concludes that the danger posed by the shelves was open and obvious. The shelves were not concealed in any way; a shopper exercising ordinary prudence would have known not to step too close to them. The Court finds Culotta especially instructive. The plaintiff in that case tripped over the edge of a water fountain in a hotel restaurant lobby. The edge of the fountain was low enough to be a tripping hazard, but the Texas appellate court held that the fountains were open and obvious. Because there was nothing obstructing the plaintiff's view of the fountains, they were "objectively observable to a reasonable person exercising ordinary care in traversing the restaurant." Culotta, 2019 WL 2588103, at *4. The same holds true in this case; the

9

shelving unit was objectively observable to a reasonable shopper exercising ordinary care. It was an open and obvious danger.

Furthermore, a landowner has no duty to warn an invitee of a danger that the invitee is subjectively aware of. See Phillips v. Abraham, 517 S.W.3d 355, 362 (Tex. App. 2017) (landlord had no duty to warn tenant of dangerous sidewalk condition that tenant knew about for at least six months); Wallace v. ArcelorMittal Vinton, Inc., 536 S.W.3d 19, 26 (Tex. App. 2016) (company had no duty to warn security guard about scrap materials on ground when guard already knew they were there); Kilchrist v. Sika Corp., 555 F. App'x 350, 352 (5th Cir. 2014) (company had no duty to warn employee of a spill that the employee already knew existed). In her affidavit, Cienfuegos states that "[d]irectly in front of the customer service area there were shelves that contained items for sale. I remember that those shelves have been there for a while." Dkt. No. 15-1. Thus, Cienfuegos was subjectively aware of the shelves and Target had no duty to warn her about them or mitigate the danger posed.

The Court finds that the shelves were an open and obvious condition that Cienfuegos had a subjective knowledge of, and for which Target had no duty to warn about or ameliorate the condition. Accordingly, Target is entitled to summary judgment as a matter of law.[2]

**IV. Recommendation**

It is recommended that Target's motion for summary judgment be granted, Dkt. No. 18.

It is further recommended that judgment be entered for Target as to all of Cienfuegos's claims and that Cienfuegos take nothing, with each party responsible for its own fees and costs.

---

[2] If the Court were to find that the shelves were a dangerous condition, then summary judgment should be denied. Because the shelves had been there for some time, Target should have known of the danger and failed to reduce the risk posed and the shelves caused Cienfuegos's injury.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on November 15, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge